IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CRAIG BELKNAP**, | Case No. 3:20-cv-1989-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ALPHABET, INC.**, **GOOGLE, INC.**, and **YOUTUBE, INC.** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Craig Belknap, a self-represented litigant, has filed a motion[1] asking the Court to order Defendants—Google, YouTube, and their parent-company Alphabet—"to stop censoring Breitbart News Online by deleting the 'Posts' which follow Breitbart's news stories." ECF 1 at 1. Service of process has not yet occurred. Belknap argues that Defendants are violating the First Amendment and Section 230 of the Communications Decency Act[2] by "deleting the citizen

---

[1] The Court construes Belknap's two-page motion as a complaint requesting an injunction against Defendants.

[2] Belknap's Complaint refers to "Section 230 of the Federal Communications Law." ECF 1 at 1-2. Aware of a "Section 230" of no other federal law governing internet communications, the Court presumes Belknap is referring to § 230 of the Communications Act

PAGE 1 – OPINION AND ORDER

'posts' appearing with Breitbart news stories." *Id.* Belknap also requests permission to proceed *in forma pauperis*.

The Court grants Belknap's request to proceed *in forma pauperis* but finds that even under the liberal pleading standards afforded a self-represented, or *pro se*, litigant, Belknap fails to state a claim upon which relief may be granted. Accordingly, the Court denies Belknap's motion to enjoin defendant and dismisses Belknap's Complaint with leave to amend if Belknap believes he can cure the deficiencies identified below.

## STANDARDS

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal.

---

of 1934. 47 U.S.C. § 230. The Communications Decency Act of 1996, part of the Telecommunications Act of 1996, amended the Communications Act of 1934 by adding § 230. Pub. L. No. 104-104, §§ 501, 509, 110 Stat. 56, 133, 137-39. Thus, Courts frequently refer to and analyze § 230 as part of the Communications Decency Act of 1996. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 (9th Cir. 2009). The Court does the same throughout this Opinion and Order.

Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable

doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Belknap's Complaint alleges that Alphabet, Inc. and its subsidiaries Google and YouTube are violating the First Amendment and § 230 of the Communications Decency Act. Belknap's lone factual allegation in support of his argument is that Defendants—all private entities—are "deleting the citizen 'Posts" that accompany and follow" Breitbart articles.

"The Free Speech Clause of the First Amendment prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020). Thus, fundamental to any First Amendment claim is the presence of state action. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). Neither Alphabet, nor its subsidiaries, Google and YouTube, are state actors. *See Prager Univ.*, 951 F.3d at 996 (noting that the defendants, YouTube and Google, operated their platforms without any state involvement). Google and YouTube do provide the public with a forum for speech, but that does not make them state actors. *See Halleck*, 139 S. Ct. at 1930, 1934 (holding that a private entity is not a state actor merely because it provides a forum for speech); *Lloyd Corp. v. Tanner*, 407 U.S. 551, 569 (1972) ("Nor does property lose its private character merely because the public is generally invited to use it for designated purposes."); *Prager Univ.*, 951 F.3d at 997 ("[O]ther courts have uniformly concluded that digital internet platforms that open their property to user-

generated content do not become state actors. The cases follow the Supreme Court's state Action precedent and are consistent with its recent teaching in *Halleck*."); *Howard v. Am. Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000) (holding that merely providing internet service to the public did not make America Online (AOL) a state actor).

Courts have, on rare occasions, concluded that a private entity was a state actor for First Amendment purposes, most notably when a private entity engaged in functions typically reserved exclusively to state or municipal government. *See, e.g.*, *Marsh v. Alabama*, 326 U.S. 501 (1946). Belknap's Complaint makes no allegations that Defendants' are engaging in municipal functions. The Ninth Circuit, moreover, has explained that private entities who provide the public a forum for speech, including YouTube and Google, are not analogous to private entities who "perform [] all the necessary municipal functions." *Prager Univ.*, 951 F.3d at 998 (first quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 159 (1978), then quoting *Marsh*, 326 U.S. at 502). Additionally, the Ninth Circuit has rejected arguments that Google and YouTube can be considered public forums subject to First Amendment regulation merely because they may have previously described themselves as public forums. *Id.* at 999. The relevant question is whether Google and YouTube are state actors, not whether they offer a public forum for speech. Because Belknap has not plausibly alleged that Google, YouTube, and their parent-company Alphabet are state actors, Belknap fails to state a claim under the First Amendment.

Belknap also alleges, in conclusory fashion, that Alphabet, Google, and YouTube have violated § 230 of the Communications Decency Act. Belknap alleges that Defendants are removing the citizen "Posts" that follow Breitbart's articles. Belknap does not, however, explain how this violates § 230. The only affirmative obligation § 230 imposes—a requirement that

"provider[s] of interactive computer service[s] . . . notify . . . customers that parental control protections . . . are commercially available [and] may assist the customer in limiting access to material that is harmful to minors"—is unrelated to Belknap's allegations. 47 U.S.C. § 230(d). Belknap identifies no specific provision of § 230 that Defendants violated, and none is obvious to the Court.

Moreover, § 230 is best known for *shielding* "certain internet-based actors," like Defendants, "from certain kinds of lawsuits," specifically state law causes of actions that seek to hold internet-based actors liable for removing content created by a third-party. *Barnes*, 570 F.3d at 1099, 1100-01; *see also Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) ("Congress sought to immunize the removal of user-generated content.").[3] Section 230(c)(1) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." The Ninth Circuit has explained that this text "is designed at once 'to promote the free exchange of information and ideas over the Internet and to encourage voluntary monitoring for offensive or obscene materials.'" *Barnes*, 570 F.3d at 1099 (quoting *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003)). Other circuits have concluded that this text "should be construed broadly in favor of immunity" *Force v. Facebook, Inc.*, 934 F.3d 53, 64 (2d Cir. 2019).

---

[3] Because Belknap has not alleged any cause of action under state law, whether § 230(c)(1)'s broad liability shield protects Defendants is not before the Court. The Court notes, however, that Belknap is attempting to hold Defendants liable for removing content created by a third party (*i.e.*, the citizen "Posts" on Breitbart articles), the very conduct for which § 230(c)(1) generally protects internet-based actors like Defendants from liability. *See Barnes*, 570 F.3d at 1100-01.

Finally, even if Belknap could allege that Defendants violated § 230, it is unlikely that he would have a cause of action for that violation. "Case law is unanimous that a private right of action is not available under the Communications Decency Act." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 334-35 (S.D.N.Y. 2016) (collecting cases). Many of the cases declining to find a private right of action in the Communications Decency Act involve the provisions of the statute criminalizing obscene or harassing telecommunications. *See, e.g. Jensen v. Shrively*, 2003 WL 917969, at *1 (N.D. Cal. Feb. 25, 2003). Because Belknap has alleged no violation of § 230, the Court need not decide whether or to what extent those cases bear on the availability of a private cause of action under § 230. The Court notes, however, that because § 230 is mostly a liability shield, § 230 is *less* likely to offer a private right of action than would provisions of the Communications Decency Act criminalizing harassing conduct, provisions that courts have uniformly concluded create no private right of action.

Because Belknap does not allege a plausible violation of § 230 or the First Amendment, he is not entitled to an injunction against Defendants and the Court dismisses his Complaint for failure to state a claim. If Belknap chooses to amend his Complaint, he must identify with specificity which laws Defendants have violated by removing citizen "Posts" to Breitbart articles. The Court further directs Belknap to comply with Rule 8(a) of the Federal Rules of Civil Procedure. That rule explains that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

## CONCLUSION

The Count GRANTS Belknap's application to proceed *in forma pauperis* (ECF 1). The Court DISMISSES Belknap's Complaint (ECF 1) for failure to state a claim. For the same reason, the Court DENIES Belknap's Motion to Enjoin Defendants (ECF 1). Belknap may file an amended complaint within fourteen (14) days if he is able to cure the deficiencies discussed in this Opinion and Order. Failure to file an amended complaint curing the defects identified will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED this 1st day of December, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge